IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE CLERON MORGAN, Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-06-0440 |
| CAPTAIN FISHER, *et al.*, Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

George Cleron Morgan, an inmate of the Texas Department of Criminal Justice - Institutional Division (TDCJ), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Craig Fisher and Mark Hunt.[1] (Docket Entry No. 1.) Pending before the Court are defendants' motion for a Rule 7(a) reply (Docket Entry No. 17), Morgan's motion for all of the named defendants to answer (Docket Entry No. 19), and his motion for leave to file an amended complaint (Docket Entry No. 22).

After consideration of the pleadings, the motions, the responses, the record, and the applicable law, the Court **DENIES** Morgan's motion to amend, **DENIES AS MOOT** Morgan's motion for all of the named defendants to answer and defendants' motion for a Rule 7(a) reply, and **DISMISSES** this lawsuit as frivolous and for failure to state a claim.

---

[1] Plaintiff named the following additional defendants who were not served: Warden Hodges, Lieutenant Montgomery, Major Gunnels, Captain Randolph, Officer Bodine, Warden Casal, Lieutenant Willis, and Major Monroe. (Docket Entry No. 1.)

## I. BACKGROUND

On January 31, 2003, Morgan was found guilty of a disciplinary charge for assaulting a prison officer. He was punished with loss of recreation and commissary privileges, extra duty time, solitary confinement, reduction in line class status, and loss of 180 days good time credits. His administrative appeals of the conviction were denied. He filed a petition for habeas relief under 28 U.S.C. § 2254 challenging the disciplinary conviction, *Morgan v. Dretke*, C.A. No. 03-CV-1833 (S.D. Tex.), which was denied on February 12, 2004. The Fifth Circuit Court of Appeals subsequently reversed the denial of habeas relief, and held there was no evidence to support one of the requisite elements of the disciplinary offense. *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005).

In compliance with the Fifth Circuit's remand order, the district court ordered TDCJ to either (1) provide Morgan with a new, constitutionally adequate disciplinary hearing, or (2) vacate his disciplinary conviction and reinstate the good time credits he forfeited under that disciplinary conviction. In compliance with that order, TDCJ overturned the disciplinary conviction on December 27, 2005, deleted it from Morgan's prison disciplinary record, upgraded his line class status, and reinstated the 180 days good time credit. *See Morgan v. Dretke*, C.A. No. 03-CV-1833 (S.D. Tex.) (Docket Entry No. 48).

One month later, on January 27, 2006, Morgan filed the instant lawsuit, claiming that defendant TDCJ officials had violated his constitutional rights in 2003 by pursuing the disciplinary conviction that was set aside by the Fifth Circuit in 2005. He seeks punitive and compensatory damages, restoration of his good time credits, and expungement of the

disciplinary conviction. As noted above, Morgan's good time credits were restored and the disciplinary conviction expunged from his record prior to his filing suit. The Court must determine, however, whether Morgan is entitled to recover his requested compensatory and punitive damages for mental and emotional anguish.

## II. ANALYSIS

Morgan claims that defendants violated his rights to due process and equal protection in 2003 by convicting him of a groundless disciplinary charge. As harm, he asserts he "has suffered adverse harm of good time loss and has not been evaluated for parole. He has suffered mental and emotional anguish due to these unconstitutional charges." (Docket Entry No. 1, p. 4.)

Petitioner cannot factually claim as harm his loss of good time credits because at the time he filed the instant complaint, the disciplinary conviction had been vacated and expunged, and his good time credits restored. Nor can he assert a constitutional complaint regarding any effect the conviction had on his parole status. Texas prisoners have no constitutionally protected right to parole. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Further, under 28 U.S.C. § 1997e(e), no federal civil rights action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. Morgan claims no physical injury, and has no right to compensatory damages for mental and emotional anguish in absence of such injury.

Morgan's vacated and expunged disciplinary conviction, and reinstatement of good time credits, did not infringe upon a constitutionally protected liberty interest which would

invoke the protection of the due process clause of the Fourteenth Amendment. *See Sandin v. Conner*, 515 U.S. 472 (1995). *See also* the Fifth Circuit's unpublished opinion in *Theard v. Cain*, No. 05-30420 (5th Cir. June 21, 2006), holding that "[Plaintiff] cannot show a due process violation in connection with the disciplinary proceedings because his good-time credits have been restored[.]" Nor does plaintiff show any factual basis for asserting an equal protection claim regarding the vacated and expunged disciplinary conviction. To the extent Morgan claims that the named and unserved defendants were supervisors who failed to remedy the errors and constitutional violations of their subordinates, no constitutional claim is presented. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Morgan's motion for leave to amend the complaint (Docket Entry No. 22) requests leave to add claims regarding one or more disciplinary convictions that occurred after the disciplinary conviction made the basis of this lawsuit. The motion is **DENIED**. Morgan may pursue any relief regarding these disciplinary convictions in a separate, independent lawsuit.

### III. CONCLUSION

Morgan's claims have no arguable basis in law or in fact and his allegations fail to state a claim. Accordingly, the Court **ORDERS** as follows:

(1) This lawsuit is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(2) Plaintiff's motion for the Court to order all defendants to answer (Docket Entry No. 19) is **DENIED AS MOOT**.

(3) Defendants' motion for a Rule 7(a) reply (Docket Entry No. 17) is **DENIED AS MOOT**.

(4) Plaintiff's motion for leave to amend complaint (Docket Entry No. 22) is **DENIED**.

(5) Any and all other pending motions are **DENIED AS MOOT**.

The Clerk is directed to provide copies of this order to the parties; to the TDCJ Office of the General Counsel, P.O. Box 13084. Austin, Texas 78711; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

Signed at Houston, Texas, on this the 7th day of August, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE CLERON MORGAN,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-06-0440 |
| CAPTAIN FISHER, *et al.*,<br>Defendants. | §<br>§<br>§ | |

## FINAL JUDGMENT

For the reasons stated in the Court's *Memorandum Opinion and Order* of even date, this civil action is **DISMISSED WITH PREJUDICE** as frivolous.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on this the 7the day of August, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE